IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANIEL Z. MALDONADO,

               Petitioner,                          ORDER

      v.                                              08-cv-104-bbc

RANDY STAMMEN,
Sheriff of Sauk County,

               Respondent.

---

      Daniel Maldonado has filed a petition styled as a petition for a writ of habeas corpus. He has paid the five dollar filing fee. The court is aware from other actions filed by petitioner that he is in custody at the Sauk County Jail as a result of the Department of Corrections' revocation of his probation. Petitioner has filed a petition for a writ of certiorari in the Circuit Court for Sauk County seeking review of the departments' revocation decision; that case is still pending. Sauk County Case Number 2007CV00814, docket available at Wisconsin Circuit Court Access, http://wcca.wicourts.gov (visited February 21, 2008). Petitioner is waiting to be sentenced after revocation by the Circuit Court for Sauk County.

      In this action, petitioner ask this court to issue an order compelling the department in the pending Sauk County certiorari action to produce records and video recordings of

1

three polygraph tests taken by petitioner while he was on probation. According to petitioner, the results of these polygraphs formed the basis of the department's decision to revoke his probation, and therefore, he must have this evidence to challenge that decision. If the court cannot use its "habeas power" to exercise concurrent jurisdiction over the state certiorari proceeding, asserts petitioner, then in the alternative it should "execute habeas review of the petitioner's revocation proceeding and promptly order a [sic] 'Evidentiary Hearing.'"

Before addressing petitioner's claims, I note that petitioner named Patricia Barrett, District Attorney for Sauk County, as the respondent to the petition. The proper respondent in a habeas action filed by a state prisoner is the state officer having custody over the prisoner. Rule 2(a) of the Rules Governing Section 2254 Cases. Barrett does not have custody over petitioner. Petitioner's custodian is the Sheriff of Sauk County, Randy Stammen. I have amended the caption to reflect this and will direct the clerk of court to do the same.

In any event, the petition must be dismissed because petitioner has not exhausted his state court remedies. Before a federal court will consider claims brought by a state prisoner, the petitioner must first have exhausted any remedies that are available to him in state court. 28 U.S.C. § 2254(b)(1)(A). This requirement is grounded in the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the

litigation, have had an opportunity to pass upon the matter." Rose v. Lundy, 455 U.S. 509, 518 (1982) (citations omitted).

To satisfy the exhaustion requirement, petitioner must give the state courts a fair opportunity to rule on his claims "by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Petitioner has not done this. In fact, the circuit court has not yet decided the pending petition for a writ of certiorari. Assuming the circuit court denies the petition, then petitioner may present his arguments about his need for the polygraph results and the fairness of the proceedings to the state court of appeals and, if unsuccessful on appeal, to the state supreme court in a petition for review. Moore v. Casperson, 345 F.3d 474, 485-86 (7th Cir. 2003) (to be deemed to have exhausted state court remedies, Wisconsin prisoner must present claims in petition for discretionary review to Wisconsin Supreme Court).

Petitioner suggests that he should be excused from the exhaustion requirement because the limited review afforded by Wisconsin's certiorari procedure for reviewing administrative decisions revoking probation is inadequate to allow him to contest the allegations of the Department of Corrections. See, e.g., State ex. rel. Cox v. Dept. of Health and Social Services, 105 Wis. 2d 378, 380, 314 N.W. 2d 148 (Ct. App. 1981) (judicial review of department's revocation decision limited to whether department kept within its jurisdiction and acted according to law; whether its action was arbitrary, oppressive, or unreasonable and represented its will and not its judgment; and whether evidence was such

that department might reasonably make order or determination in question). Section 2254(b) does establish an exception to the exhaustion requirement if "circumstances exist that render such process ineffective to protect the rights of the applicant," § 2254(b)(1)(B)(ii), but such circumstances are not present here. The Court of Appeals for the Seventh Circuit has held implicitly that Wisconsin's certiorari procedure is an adequate process for adjudicating constitutional claims arising in the context of administrative decisions, such as prison disciplinary decisions. McAtee v. Cowan, 250 F.3d 506, 508 (7th Cir. 2001) ("Wisconsin inmates have a judicial remedy [for reviewing prison disciplinary hearings]---a petition for a common law writ of certiorari to the Wisconsin state courts---that they must exhaust before filing their federal petitions") (citations omitted). See also Christie v. Deppisch, 2005 WL 697210 (7th Cir. March 21, 2005) (Wisconsin prisoner procedurally defaulted challenge to prison disciplinary decision by failing to file petition for writ of certiorari in state circuit court) (nonprecedential disposition); Jones v. McCaughtry, 2001 WL 312363 (7th Cir. March 30, 2001) (same). Petitioner is free to argue on certiorari review that because the Department of Corrections did not review the polygraph results in reaching its decision, its decision was arbitrary, oppressive, or unreasonable or that the evidence could not reasonably support the revocation decision. He may not, however, opt out of the state review procedure merely because he is frustrated by the results he is getting. White v. Peters, 880 F.2d 338, 342 (7th Cir. 1993) ("Federal-state comity demands that a

habeas petitioner first give the state courts an opportunity to pass on his federal claims, even if those courts would be expected to view such claims unfavorably").

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that the district court shall summarily dismiss a petition where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Dellenbach v. Hanks, 76 F.3d 820 (7th Cir. 1996). Because it is plain from the petition that petitioner has not exhausted his state court remedies, the petition must be dismissed. The petition will be dismissed without prejudice to petitioner filing a new petition after he has exhausted his state court remedies.

ORDER

IT IS ORDERED that:

1. The clerk of court shall amend the caption to reflect that Randy Stammen, Sheriff of Sauk County, is the respondent in this action; and

2. The petition of Daniel Maldonado for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE for his failure to exhaust his state court remedies.

Entered this 21st day of February, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge